**No. 25-50093**
## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

Dennis B. Roberson,
*Plaintiff - Appellant*
v.
Eric Deanda; Ishmael Flores; Patrick Gillis; Donald Alsbrooks,
*Defendants - Appellees*

---

**On Appeal from**
United States District Court for the Western District of Texas
7:23-CV-145

---

**BRIEF OF APPELLANT DENNIS ROBERSON**

---

Harry Martina Daniels
Law Offices of Harry M. Daniels
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| Donald Alsbrooks | Richard Rouse of Shafer, Davis, O'Leary & Stoker, Incorporated Odessa, TX |
| Eric Deanda | Richard Rouse of Shafer, Davis, O'Leary & Stoker, Incorporated Odessa, TX |
| Ishmael Flores | Richard Rouse of Shafer, Davis, O'Leary & Stoker, Incorporated Odessa, TX |
| Patrick Gillis | Richard Rouse of Shafer, Davis, O'Leary & Stoker, Incorporated Odessa, TX |

| **Appellant:** | **Counsel for Appellants:** |
|---|---|
| Dennis Roberson | Nathaniel Mack of Law Offices of Nathaniel Mack III, P.L.L.C. San Antonio, TX |
| Dennis Roberson | Harry Daniels of Law Offices of Harry M. Daniels Atlanta, GA |

**Trial and Appellate Counsel for Appellant:**

Harry Daniels

Nathaniel Mack

**Trial and Appellate Counsel for Appellees:**

Richard Rouse

/s/Harry Martina Daniels

Harry Martina Daniels
Law Offices of Harry M. Daniels
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

*Attorney of record for Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

The underlying facts are straightforward, and the appeal is governed by established law. However, oral argument might assist the Court in maintaining a focus on the established law as it applies to the facts.

# TABLE OF CONTENTS

Contents                                                                    Page(s)

CERTIFICATE OF INTERESTED PERSONS ..................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ...............................................iv

TABLE OF CONTENTS .................................................................................v

TABLE OF AUTHORITIES................................................................................7

JURISDICTIONAL STATEMENT ....................................................................9

STATEMENT OF THE ISSUES ........................................................................10

STATEMENT OF THE CASE .........................................................................11

SUMMARY OF THE ARGUMENT....................................................................13

ARGUMENT .............................................................................................14

I.      Standard of Review.....14

II.     Qualified Immunity.....15

III.    The district court erred by inferring that the Appellant was subject to a
        Terry investigation, suggesting that he was not free to leave and was
        required to comply with the Appellees' order to relocate to a specific
        area.....16

    A.  The Appellant was not subject to a Terry investigation prior to
        his unlawful arrest and was free to walk away from the Appellees.....17

IV.    The district court made an error in its determination that the Appellant's claim of unlawful arrest did not constitute excessive force, disregarding the video evidence that clearly demonstrates the excessive nature of the force applied against the Appellant.....18

    A. <u>Excessive Force Claim</u>.....18

V.    A genuine issue of material fact exists as to whether Deputies Flores and Alsbrooks are liable as bystanders because they failed to intervene in Deputies DeAnda and Gillis' unlawful arrest.....21

VI.    The district court disregarding the uncontested video evidence showing that Deputy DeAnda caused damage to the Appellant's personal property by throwing the Appellant's cellphone and damaging the Appellant's cellphone and windshield of the Appellant's vehicle.....22

CONCLUSION ................................................................23

CERTIFICATE OF SERVICE................................................24

CERTIFICATE OF COMPLIANCE .....................................25

# TABLE OF AUTHORITIES

**Cases**……………………………………………………………………**Pages(s)**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).....15

Brosseau v. Haugen, 543 U.S. 194, 201, 125 (2004).....19

Brown v. Lippard, 472 F.3d 384, 386-87 (5th Cir.2006).....20

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)......14

City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001).....15

Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017).....14, 23

Freeman v. Gore, 483 F.3d 404 (5th Cir. 2007)........13

Gomez v. Chandler, 163 F.3d 921, 923(5th Cir.1999)......19

Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000).....16

Graham v. Connor, 490 U.S. 386, 396,  (1989).....19

Jones v. Buchanan, 325 F.3d 520, 530 (4th Cir. 2003).....21

McClendon v. City of Columbia, 305 F.3d 314, 322-23 (5th Cir. 2002)......15

Tarver v. City of Edna, 410 F.3d 745, 750 (5th Cir. 2005)......15, 18

Terry v. Ohio, 392 U.S. 1 (1968).....16

Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).....15

Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir.2007).......14

U.S. v. Wadley, 83 F.3d 108 (5th Cir. 1996).....16

United States v. Morin, 665 F.2d 765, 768 (5th Cir. 1982).....16

Whitley v. Albers, 475 U.S. 312, 321 (1986).....20

Whitley v. Hanna, 126 F.3d 631, 646 (5th Cir. 2013).....21

**Constitution and Statutes**

42 U.S.C. § 1983.....9

28 U.S. Code § 1291.....9

Texas Penal Code § 38.15(a)(1).....19, 20

# JURISDICTIONAL STATEMENT

The Appellant, Dennis B. Roberson, initiated legal proceedings against the Appellees, Officer Eric Deanda, Ishmael Flores, Patrick Gillis, and Donald Alsbrooks, in their personal capacities, asserting claims of Unlawful Arrest and Seizure, Excessive Force in contravention of the Fourth Amendment, Retaliatory Arrest resulting in Deprivation of Civil Rights, Failure to Intervene in breach of the Fourth Amendment, and Deprivation of Personal Property without due process, violating the Fifth Amendment. These allegations were filed under the provisions of 42 U.S.C. § 1983. On April 1, 2024, the Appellees sought summary judgment in accordance with Federal Rule of Civil Procedure 56. Subsequently, on January 10, 2025, the district court rendered a decision granting summary judgment in favor of the Appellees, determining that they were entitled to qualified immunity concerning the Appellant's claims of Unlawful Arrest and Seizure, Excessive Force, and Retaliatory Arrest, as well as the Failure to Intervene claims. Furthermore, the district court dismissed the Appellant's claim regarding Deprivation of Personal Property without due process, citing the Appellant's failure to present a substantive argument in opposition to the Appellees' motion for summary judgment on that particular issue. The Appellant duly filed a notice of appeal on February 8, 2025, and this Court asserts jurisdiction under 28 U.S. Code § 1291.

## STATEMENT OF THE ISSUES

A. Did the district court make an error in concluding that the Appellant was under a Terry stop, implying that he was not at liberty to depart and was obligated to adhere to the Appellees' directive to move to a designated location?

B. Did the district court make an error in concluding that the Appellant's assertion of unlawful arrest did not amount to excessive force, particularly in light of the video evidence that unequivocally illustrates the excessive force used against the Appellant?

C. Is there a legitimate dispute regarding the material facts that would establish the liability of Deputies Flores and Alsbrooks as bystanders?

D. Did the district court overlook the unchallenged video evidence indicating that Deputy DeAnda inflicted damage on the Appellant's personal property by hurling the Appellant's cellphone and damaging the Appellant's cellphone and the windshield of the Appellant's vehicle?

## STATEMENT OF THE CASE

*Body cam footage captured the events at issue.*

On October 3, 2021, the Appellees/Defendants responded to the Appellant/Plaintiff's property after allegedly receiving a call from a complainant reporting a possible intoxicated or reckless driver in a red Chevrolet pickup that exited his vehicle and started swinging a bat. **See ROA.109 (Ishmael Flores body cam video footage produced in its native format labeled Axon_Body_3_Video_2021-10-3_1303_X60A0416L.mp4) at 00:01 - 00:45.** Deputy Ishmael Flores (hereinafter "Deputy Flores") was one the first deputies to arrive on scene. **Id.** Mr. Roberson was met with hostility from Defendant Flores **Id.** Upon his initial encounter with Mr. Roberson, Deputy Flores told the Mr. Roberson "I suggest you go back there" while pointing to Mr. Roberson's front porch prior to speaking with Mr. Joe Alton Redic (hereinafter "Mr. Redic") **Id.** In response to Deputy Flores' hostility towards the Mr. Roberson, Mr. Roberson told Defendant Flores to get off his property. **Id.** At that time, Deputy Patrick Gillis (hereinafter "Deputy Gilles") ordered Mr. Roberson to come stand over by him. **See ROA.107 ( Patrick Gillis body cam video footage produced in its native format labeled 6851_W._Mockingbird_Ln.,_Odessa,_TX_. mp4) at 01:24 - 01:28.** Mr. Roberson's response to Deputy Gilles was that he didn't have to go anywhere and step back on his porch. **Id. at 01:28 – 01:31.** Mr. Roberson verbally

expressed to Deputy Giles that he was not involved in any of what was going on. **Id. at 01:34 – 01:36.** Deputy Eric DeAnda (hereinafter "Deputy DeAnda") ***then told Mr. Roberson that they were out here trying to figure out what's going on and if Mr. Roberson was not going help them then he could get lost***. **See ROA.106 (Eric DeAnda body cam video footage produced in its native format labeled 6851_W._MOCKINGBIRD.mp4) at 01:50 – 01:58.** Subsequently, Deputy Giles approached the Mr. Roberson and stood directly in front of Mr. Roberson and told Mr. Roberson to step off Mr. Roberson's porch. **See ROA.107 at 02:25 – 02:42.** Notably, Deputy Flores had already escorted Mr. Redic away from the porch to the side of the property. **See ROA.106 at 02:23 – 02:42.** At that time, the Mr. Roberson and Deputy Giles engaged in a stared contest  for approximately 12 seconds. **Id.** Subsequently, Mr. Roberson began walking  into his residence to leave and bent over to pick up his cell phone, at that time Deputy Gillis grabbed the Mr. Roberson. **Id. at 02:42 – 0:2:55.** At the time when Mr. Roberson was under physical restraint and showed no signs of resistance, Deputy Giles aggressively thrust Mr. Roberson against the railing of his porch, causing Mr. Roberson to express his anguish verbally due to the pain inflicted. **Id.** Deputies DeAnda and Gillis apprehended Mr. Roberson, subsequently applying handcuffs to his wrists. Following this, they proceeded to remove Mr. Roberson from his porch and forcefully placed him onto the hood of a vehicle, an action that lacked

any lawful justification, as Mr. Roberson was not exhibiting any resistance. **Id. at 02:55 -03:14.** The Plaintiff complained of injuries to his body and disclosed to Defendant DeAnda and Gillis that he had a metal rod in his back, Defendant DeAnda told the Plaintiff to "shut up." **Id. at 03:14 – 03:26.** The Plaintiff then retrieved his cell phone to call for an ambulance, at that time Defendant DeAnda grabbed the Plaintiff's cell phone and throw it causing the Plaintiff's cell phone to strike the windshield of the vehicle the Plaintiff had been slammed on Defendant DeAnda and Gillis. **Id. at 03:26 – 03:34.** As a result of the force used by Defendant DeAnda and Gillis, the Plaintiff sustained injuries to his back that required treatment and surgery. **See ROA.123-124 (Declaration of Dennis Roberson) at ¶ 3.** The Plaintiff is currently still under the care of a physician for injury he sustained as a result of the unlawful and excessive force by Defendant DeAnda and Gillis on the  date of the incident. Id. **at ¶  4.** Notably, Plaintiff was never charged with interfering or any other offense. Id. **at ¶ 5.**

## SUMMARY OF THE ARGUMENT

The Appellant contends that the Appellees are not entitled to the protection of qualified immunity. In this case, the district court deviated significantly from the established law articulated in <u>Freeman v. Gore</u>, 483 F.3d 404 (5th Cir. 2007). The district court erred by inferring that the Appellant was subject to a <u>Terry</u> investigation, suggesting that he was not free to leave and was required to comply

with the Appellees' order to relocate to a specific area. Additionally, the district court committed a reversible error by failing to consider compelling video evidence, which at a minimum, created a substantial factual dispute concerning the legality and/or reasonableness of the force applied against the Plaintiff during the unlawful arrest. The district court erroneously inferred that the Appellant was subject to a Terry investigation, suggesting that he was not free to leave and was required to comply with the Appellees' unlawful order to relocate. Lastly, the district court overlooked the uncontested video evidence showing that Appellee DeAnda caused damage to the Appellant's personal property by throwing the Appellant's cellphone and damaging the windshield of the Appellant's vehicle.

## ARGUMENT

I.     Standard of Review

This Court review the district court's grant of summary judgment de novo. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir.2007). A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th

Cir. 2017); see <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. <u>Tubacex, Inc. v. M/V Risan</u>, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. <u>Id</u>.

II.    Qualified Immunity.

A two-step analysis must be done to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity. First, the court must determine whether, viewing the summary judgment evidence in the light most favorable to the nonmoving party the defendant violated the plaintiff's constitutional rights. See, e.g., <u>Tarver v. City of Edna</u>, 410 F.3d 745, 750 (5th Cir. 2005); <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 322-23 (5th Cir. 2002) (en banc); <u>Glenn v. City of Tyler</u>, 242 F.3d 307, 312 (5th Cir. 2001). If not, the analysis ends. If so, the court next consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. See, e.g., <u>Tarver,</u> 410 F.3d at 750; Glenn, 242 F.3d at 312.

To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. See Glenn, 242 F.3d at 312; Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). Defendants Deanda and Gillis Arrested the Plaintiff Without Arguable Probable Cause for Interference with Public Duties.

III.   The district court erred by inferring that the Appellant was subject to a Terry investigation, suggesting that he was not free to leave and was required to comply with the Appellees' order to relocate to a specific area.

A police officer, like any other citizen, has the right to approach an individual and ask him questions. The citizen has the corresponding right to walk away. U.S. v. Wadley, 83 F.3d 108 (5th Cir. 1996). This Court has recognized three different levels of police-citizen contact. As the Supreme Court held in Terry v. Ohio, 392 U.S. 1 (1968), a police officer, like any other citizen, has the right to approach an individual and ask him questions. The citizen has a corresponding right to walk away. In order to stop one who does not voluntarily submit to questioning, an officer must possess specific articulable facts which provide the basis for a reasonable suspicion of criminal activity. The third level of police-citizen contact is the arrest which must be supported by probable cause. United States v. Morin, 665 F.2d 765, 768 (5th Cir. 1982).

A.  <u>The Appellant was not subject to a Terry investigation prior to his unlawful arrest and was free to walk away from the Appellees.</u>

Upon examination of the video evidence, the Court will readily find that, Deputy Flores told the Mr. Roberson "*I suggest you go back there*" while pointing to Mr. Roberson's front porch prior to speaking with Mr. Redic. This Court will also find that Deputy DeAnda then told Mr. Roberson that *they were out here trying to figure out what's going on and if Mr. Roberson was not going help them then he could get lost*.  The above statements by  Deputies Flores and DeAnda is evident and leaves no room for interpretation that Mr. Roberson was not subject to any investigation/ <u>Terry</u> stop. In fact, upon review of the video evidence in this matter, this Court will conclude that the Mr. Roberson was not even a person of interest surrounded a complainant reporting a possible intoxicated or reckless driver in a red Chevrolet pickup that exited his vehicle and started swinging a bat. **See ROA.106, ROA.107 ,ROA.108. ROA.109 and ROA.110.**  Considering that no specific articulable facts which provide the basis for a reasonable suspicion of the Mr. Roberson's detention/arrest, Deputies Gillis and DeAnda violated the Mr. Roberson's clearly established Fourth Amendment Right from an unlawful seizure because the Mr. Roberson had the right to walk away from the scene.

IV.   The district court made an error in its determination that the Appellant's claim of unlawful arrest did not constitute excessive force, disregarding the video evidence that clearly demonstrates the excessive nature of the force applied against the Appellant.

Upon examination of the appropriateness of the force applied against the Appellant, the district court failed to conduct a thorough analysis, the district court maneuvered around doing an analysis and claimed that the Appellant only recited the elements of an excessive force claim, and the only real analysis the Appellant provides appears to attempt to bind the excessive force claim to a finding of a lack of probable cause. See ROA 141. The district court's evaluation of the Appellant's counterarguments regarding the Appellees' motion for summary judgment is, at the very least, unsatisfactory. Upon its de novo review of the evidence in the matter, this Court should find a minimum a which at a minimum, created a substantial factual dispute concerning the legality and/or reasonableness of the force used against the Appellant.

A.   Excessive Force Claim

To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir.2005). Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of

each particular case." Graham v. Connor, 490 U.S. 386, 396, (1989); see also Brosseau v. Haugen, 543 U.S. 194, 201, 125 (2004) (observing that this "area is one in which the result depends very much on the facts of each case"). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. In Applying the Graham factors to this case, district court erred in granting summary judgment to Appellees DeAnda and Gillis.

As stated above, Mr. Roberson was not subject to a Terry investigation prior to his unlawful arrest and was free to walk away from the Appellees.[1]  However, when the Mr. Roberson exercised his constitutional right to walk away after he was told to get lost, Deputy Gillis grabbed seized him. During the period in which Mr. Roberson was physically restrained and not exhibiting any resistance, Deputy Giles forcefully propelled the Mr. Roberson against the railing of his porch, resulting in the Plaintiff vocalizing his distress due to pain.  All is captured on video.  Officers must assess not only the need for force, but also "the relationship between the need and the amount of force used." See Gomez v. Chandler, 163 F.3d 921, 923(5th Cir.1999). Taking the facts in the light most favorable to plaintiffs, a jury could

---

[1] If Mr. Roberson violated Texas Penal Code § 38.15(a)(1) defines "Interference with Public Duties" it's only a  Class B misdemeanor.

reasonably find that the degree of force the officers used in this case was not justifiable under the circumstances even if Mr. Roberson violated Texas Penal Code § 38.15(a)(1).[2] A rational jury could deduce from the video evidence and Mr. Roberson's statements, that the application of force was unjustified. Notably, rather than engaging with the Appellant's evidence that substantiates his assertion of excessive force, the district court evaded its responsibility by erroneously claiming that the Appellant referenced non-binding authority and failed to present an argument in favor of his excessive use of force allegation. The district court is wrong. The district court declined to address the evidence that Mr. Roberson was forcefully slammed on a vehicle by Deputy DeAnda and Gillis while in handcuffs, which subsequently led to bodily injuries.[3] Finally, the jury could view the severity of Mr. Roberson's injuries as evidence of excessive force. "In evaluating excessive force claims, courts may look to the seriousness of injury to determine `whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction as is tantamount to a knowing willingness that it occur.'" Brown v. Lippard, 472 F.3d 384, 386-87 (5th Cir.2006) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). Thus, "the extent

---

[2] Notably, Plaintiff was never charged with interfering or any other offense. **ROA.123-124 at ¶ 5.**

[3] Howard v. Del Castillo, No. 2:00—CV-3466, 2001 WL 1090797, at *4(E.D.La. Sept.17, 2001) (denying motions to dismiss and for summary judgment because the court could not rule out the possibility that excessive force was used after the plaintiff was in handcuffs and no longer resisting, which, if proved, would not be inconsistent with battery of an officer)

of [the]injury inflicted" may be considered in determining whether the officers used excessive force. <u>Whitley</u>, 475 U.S. at 321 (internal quotation marks omitted); see <u>Jones v. Buchanan</u>, 325 F.3d 520, 530 (4th Cir. 2003). Evidence is in the record, as a result of the force used by Deputies DeAnda and Gillis, Mr. Roberson sustained injuries to his back that required treatment and surgery. Mr. Roberson is currently still under the care of a physician for injury he sustained as a result of the unlawful and excessive force by Deputy DeAnda and Gillis on the date of the incident.

V.   A genuine issue of material fact exists as to whether Deputies Flores and Alsbrooks are liable as bystanders because they failed to intervene in Deputies DeAnda and Gillis' unlawful arrest

To succeed on a failure to intervene claim-commonly referred to as bystander liability-a party must prove that the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) is present at the scene of the constitutional violation; (3) has a reasonable opportunity to prevent the harm; and (4) chooses not to act." <u>Whitley v. Hanna</u>, 126 F.3d 631, 646 (5th Cir. 2013). For reason stated above, a genuine issue of material fact exists as to whether Mr. Roberson was unlawful arrested by Deputies DeAnda and Gillis. It is undisputed that Deputies Flores and Alsbrooks was present throughout the entire encounter and had ample opportunity to end the unlawful arrest of Mr. Roberson, but they chose not to. In fact, Deputy Alsbrooks, who was a supervisor and wearing white

cowboy hat, stood by in close proximity as Deputies DeAnda and Gillis held the Mr. Roberson down in handcuffs on the hood of vehicle and spoke to the Mr. Roberson as Mr. Roberson begged for medical attention. **ROA.106 at 03:43 - 06:00.** Additionally, upon completing his investigation with Mr. Redic, Deputy Flores also had ample opportunity to end the unlawful arrest of Mr. Roberson, but he elected not to. **ROA.106 at 015:45 - 22:34**. Upon, its erroneously finding that Mr. Roberson was not subjected unlawful arrest, unlawful/excessive use of force, The district court failed to address the Appellant's bystanders claim.

VI.   The district court disregarding the uncontested video evidence showing that Deputy DeAnda caused damage to the Appellant's personal property by throwing the Appellant's cellphone and damaging the Appellant's cellphone and windshield of the Appellant's vehicle.

First, the district court mistakenly held that in his complaint, Roberson outlines a claim for deprivation of his cellphone that Officer DeAnda threw into the window of the police cruiser. See ROA 143. The video evidence clearly demonstrates that Officer DeAnda threw an object at Mr. Roberson's vehicle, resulting in damage. The district court, in its ruling, disregarded this evident fact while granting summary judgment in favor of the Appellees. Furthermore, the district court failed to adhere to the proper standard of review, choosing instead to intervene in the case in a manner it deemed appropriate. Ultimately, the district court concluded that the Appellant had abandoned his claim by not addressing it in his response to the Appellees' motion for summary judgment. At the summary judgment

phase, it is imperative that the Court interprets all facts and inferences in favor of the nonmoving party, as established in <u>Deshotel v. Wal-Mart Louisiana, L.L.C.</u>, 850 F.3d 742, 745 (5th Cir. 2017). Nevertheless, despite the compelling video evidence, the district court chose to overlook it and favor the Appellees. While a case may be intriguing, it is not the court's role to be swayed by such factors. At the trial level, district courts are tasked with ensuring that trials are conducted justly, which includes allowing factual disputes to be resolved by a jury, as required by the Seventh Amendment.

## CONCLUSION

Given the reasons outlined above, the order from the district court that granted Appellees qualified immunity should be reversed and remanded to the district court.

Respectfully submitted this 15th day of May 2025

/s/Harry Martina Daniels
Harry Martina Daniels
Law Offices of Harry M. Daniels
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

*Attorney of record for Appellant*

# CERTIFICATE OF SERVICE

I certify that on May 15, 2025, the foregoing document was forwarded via U.S. Mail on today's date to the following parties/counsel:

Richard Rouse
Shafer, Davis, O'Leary & Stoker,
700 N Grant Ave, Odessa, TX 79761

/s/Harry Martina Daniels
Harry Martina Daniels
Law Offices of Harry M. Daniels
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

*Attorney of record for Appellant*

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 3516 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Office 365 Microsoft Word in 14-point

/s/Harry Martina Daniels
Harry Martina Daniels
Law Offices of Harry M. Daniels
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

*Attorney of record for Appellant*